IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN BOYD,

        Plaintiff,

v.

MONTONDO TRAILER, LLC and JOHN M. MONTONDO,

        Defendants.

Case No. 8:20-cv-00069

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stephen Boyd ("Plaintiff" or "Boyd") sues Defendants, Montondo Trailer, LLC ("Defendant MTL") and John M. Montondo ("Defendant Montondo") for breach of contract and violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.*, and states as follows:

## CAUSES OF ACTION

1.    This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, *et. seq*. (FLSA), and Florida common law.

## PARTIES

2.    Plaintiff Boyd is an individual who currently resides in Pinellas County, Florida and at all material times was employed as a Sales Representative by the Defendants.

3.    Defendant MTL is a New York Limited Liability Company with its principal place of business located at 1800 Broadway Street, Unit 4C, Buffalo, New York 14212.

4.    Defendant Montondo is an individual who owns and operates Defendant MTL and resides in Buffalo, New York.

5. Defendant Montondo previously resided in Sarasota, Florida until February or March 2019.

## JURISDICTION AND VENUE

6. Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act. Jurisdiction over the state law claim set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and significant events giving rise to Plaintiff's claims occurred within the Florida counties comprising the U.S. District Court, Middle District of Florida.

8. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) since the action accrued in Pinellas County, Florida.

## GENERAL ALLEGATIONS

9. Defendant MTL is in the business of manufacturing and selling specialty commercial trailers.

10. In April 2016, Plaintiff was hired as a Sales Representative by a predecessor entity of Defendant MTL which was also called Montondo Trailer, LLC, though it was a Florida Limited Liability Company (hereinafter "Montondo Florida").

11. Montondo Florida maintained a principal business address of 554 Rose Hill Road, #205, Sarasota, Florida 34233.

12. Defendant Montondo was the principal owner of Montondo Florida.

13. On or about March 5, 2019, Defendant Montondo formed Defendant MTL, a New York Limited Liability Company.

14. Shortly thereafter, on or about March 7, 2019, Defendant Montondo merged Montondo Florida (as well as 716 Specialty Trailer, Inc., Montondo Trailer, Inc. and Montondo Trailer I, LLC) with Defendant MTL which became the surviving entity.

15. By operation of law, Defendant MTL became responsible for the debts and liabilities of Montondo Florida.

16. Plaintiff continued in his capacity of Sales representative in the employ of Defendant MTL.

17. Plaintiff primarily conducted his business activities for Defendant MTL (and previously for Montondo Florida) at his home office located in Pinellas County, Florida.

18. Throughout his employment with both Montondo Florida and Defendant MTL, Plaintiff was misclassified by Defendant Montondo as an independent contractor.

19. Plaintiff's employment with Defendant MTL was terminated on July 23, 2019.

20. At all times material hereto, Defendant MTL (and Montondo Florida before it) was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

21. At all times relevant, Defendant MTL (and Montondo Florida before it) had annual gross revenues of at least $500,000.00.

22. At all times relevant, Defendant MTL (and Montondo Florida before it) employed two or more individuals who, in the course and scope of their employment, sold trailers which were manufactured and moved through interstate commerce.

23. At all times relevant, Defendant MTL (and Montondo Florida before it) employed two or more individuals who routinely handled and utilized electronic devices that were manufactured outside of its home state and moved through interstate commerce.

24. At all times relevant, Defendant MTL (and Montondo Florida before it) employed two or more individuals who routinely handled and utilized office supplies that were manufactured outside of its home state and moved through interstate commerce

25. At all times relevant, Defendant MTL (and Montondo Florida before it) employed two or more individuals who routinely handled tools, equipment and mechanical parts that were manufactured outside of its home state and moved through interstate commerce.

26. At all times material hereto, Defendant Montondo (and Montondo Florida before it) was also an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

27. Defendant Montondo managed and operated Defendant MTL (and Montondo Florida before it) as a business enterprise within the meaning of 29 U.S.C. § 203 (s) (1) of the FLSA.

28. Defendant Montondo exercised complete dominion and control over Plaintiff's wages, hours, and working conditions.

29. As owner and operator of Defendant MTL (and Montondo Florida before it), Defendant Montondo devised and implemented all pay policies of the company including those policies directly affecting Plaintiff's compensation.

30. At all times material hereto, Plaintiff was an individually covered employee under the FLSA, as he regularly engaged in interstate commerce in the course and scope of his employment with Defendants. In this regard, Plaintiff routinely engaged in the sale of Defendants' trailers over state lines and communicated with out-of-state customers and potential customers.

31. At all times material hereto, Plaintiff was a non-exempt employee of Defendants and was therefore entitled to payment of at least the current federal minimum wage for all hours worked.

32. At all times material hereto, Defendants had agreed to pay Plaintiff commissions on all sales.

33. However, Defendants have failed to pay commissions on multiple sales accomplished by Plaintiff.

34. It is estimated that Defendants have failed to pay Plaintiff approximately $30,000.00 in earned commissions.

35. For many workweeks, Defendants failed to pay Plaintiff compensation of any kind, let alone the agreed contractual commissions.

36. By virtue of failing to pay Plaintiff wages of any kind for hours worked during these workweeks, Defendants unlawfully failed to pay Plaintiff at least the applicable federal minimum wage for all hours worked.

37. Defendants were also required under the FLSA to pay Boyd one and one half (1 ½) times his effective hourly rate for each hour worked over 40 in a workweek.

38. Throughout his employment, Boyd routinely worked in excess of 40 hours in a workweek.

39. However, Defendants failed to pay Boyd for the overtime hours worked.

40. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08)*

41. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 40.

42. Defendants were contractually obligated to pay Plaintiff commissions on all sales made.

43. Plaintiff performed all conditions precedent to his receipt of the commissions.

44. Defendants have failed to pay Plaintiff the earned commissions and have therefore breached their contractual obligation to Plaintiff.

45. Defendants' breach has damaged Plaintiff by denying him his benefit of the bargain, i.e. full payment of all compensation earned while employed by Defendants.

46. Because the unpaid contractual compensation constitutes unpaid employment compensation, Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to Fla.Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendants for unpaid contractually owed commissions plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Failure to Pay Minimum Wages in violation of the FLSA)*

47. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 40.

48. The Fair Labor Standards Act (the "FLSA") requires that every covered employer shall pay each of their employees the applicable minimum wage. 29 U.S.C. § 206(a).

49. Plaintiff was entitled to be paid the applicable federal minimum wage for each hour he worked during his employment with Defendants.

50. Defendants willfully failed to pay Plaintiff at least the federal minimum wage for all hours worked during his employment with Defendants.

51. Defendants owe Plaintiff unpaid minimum wages totaling $819.25.

52. Defendants owe Plaintiff an additional amount in the way of liquidated damages equal to the amount of unpaid minimum wages.

53. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for unpaid minimum wages, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT III
*(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207)*

54. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 40.

55. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

56. During the relevant time period, Defendants routinely required Plaintiff to work in excess of forty (40) hours in a workweek

57. In violation of the FLSA, Defendants willfully failed to pay Plaintiff time and one-half his regular rate of pay for overtime hours worked.

58.	As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

59.	Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

60.	Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff Stephen Boyd demands judgment against Defendants for unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, a demand a trial by jury as to all issues triable as of right,

Dated this 9th day of January 2020.

Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Trial Counsel for Plaintiff*
**LAW OFFICE OF
R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax
E-mail: mikepierro@rmpemploymentlaw.com