IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN BOYD,

    Plaintiff,

vs.                                                           Case No.: 8:20-cv-69-T-35AAS

MONTONDO TRAILER, LLC and
JOHN M. MONTONDO, Individually,

    Defendants.
_____/

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

    Defendants[1] Montondo Trailer LLC ("Montondo Trailer") and John M. Montondo ("Montondo") (Montondo Trailer and Montondo collectively, "Defendants"), by undersigned counsel hereby submits their Answer to Amended Complaint and Demand for Jury Trial (Doc. 20) and states as follows:

### CAUSES OF ACTIONS

1.     Admit these purport to be the claimed causes of action, but deny the propriety of such claims and deny all other allegations in his paragraph.

### PARTIES

2.     Defendants are without knowledge as to the location of Plaintiff's current residence, admit that Plaintiff provided services for Defendant as an independent contractor, and deny all remaining allegations.

3.     Admit.

4.     Admit.

---

[1] As Plaintiff has grouped both Defendants together in numerous allegations, Defendants will respond collectively for purposes of being consistent with the references made by Plaintiff. However, such reference is not and should not be construed as an admission or waiver of any argument that any liability of Montondo Trailer is equivalent to Montondo. Should Plaintiff provide specific allegations as to either or both Defendants, then Defendants will specifically address such allegations for each Defendant.

5. Admit.

## JURISDICTION AND VENUE

6. Defendants admit subject matter jurisdiction is proper and deny all remaining allegations in this paragraph.

7. Defendants admit personal jurisdiction and venue are proper and deny all remaining allegations in this paragraph.

8. Defendants admit venue is proper and deny all remaining allegations in this paragraph.

## GENERAL ALLEGATIONS

### *DEFENDANT MTL AND ITS CORPORATE HISTORY*

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Defendants are without knowledge as to the allegations in this paragraph.

### *PLAINTIFF'S EMPLOYMENT WITH DEFENDANT MTL AND MONTONDO FLORIDA*

16. Defendants admit that Plaintiff contracted with Plaintiff to serve as a National Account Manager/Sales Representative in April 2016 and deny the remaining allegations in this paragraph.

17. Denied.

18. Defendants admit that Plaintiff provided services for Defendants at Plaintiff's home office and deny the remaining allegations in this paragraph.

19. Defendants admit that Plaintiff performed some of the services listed, but deny the basis for such services, deny that they were his job duties, and deny all other allegations in the paragraph.

20. Plaintiff's admit that business relationship between the Montondo Trailers and Plaintiff was terminated on or about July 23, 2019, but deny the remaining allegations in the paragraph.

### DEFENDANT'S FAILURE TO PAY PLAINTIFF HIS EARNED CONTRACTUAL COMPENSATION

21. Defendants are without knowledge of the agreement as the agreement referred to itself is the best evidence of its meaning and terms.

22. Defendants are without knowledge of the agreement as the agreement referred to itself is the best evidence of its meaning and terms.

23. Defendants are without knowledge as the paragraph is unclear as to the meaning of this paragraph.

24. Defendants are without knowledge of the agreement as the agreement referred to itself is the best evidence of its meaning and term and the paragraph is unclear as to the meaning of "generally honored" and "the commission payments were late."

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

### PLAINTIFF'S EXEMPT STATUS UNDER THE FLSA AND HIS MISCLASSIFICATION AS AN INDEPENDENT CONTRACTOR

27. Defendants deny this paragraph as is a legal conclusion.

28. Admit.

29. Admit.

30. Defendants are without knowledge of the allegations in this paragraph as Defendants are unaware of where the referred to electronic devices were manufactured. Defendants are further without knowledge of this allegations in this paragraph as Plaintiff fails to define "electronic devices" and deny all remaining allegations in this paragraph

31. Admit. Defendants are without knowledge of the allegations in this paragraph as Defendants are unaware of where the referred to office supplies were manufactured and deny all remaining allegations in this paragraph.

32. Admit. Defendants are without knowledge of the allegations in this paragraph as Defendants are unaware of where the referred to tools, equipment, and mechanical parts were manufactured and deny all remaining allegations in this paragraph.

33. Defendants deny the allegations in this paragraph.

34. Defendants deny the allegations in this paragraph.

35. Defendants deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph.

39. Admit.

40. Defendants admit Plaintiff made some communications with out-of-state customers and potential customers, but deny the remaining allegations.

### *DEFENDANTS' FAILURE TO PAY MINIMUM WAGES*

41. Defendants deny the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

43. Defendants deny the allegations in this paragraph.

### *DEFENDANT'S FAILURE TO PAY OVERTIME WAGES*

44. Defendants deny the allegations in this paragraph.

45. Defendants deny the allegations in this paragraph.

46. Defendants deny the allegations in this paragraph.

## COUNT I

### (BREACH OF CONTRACT & ENTITLEMENT TO ATTORNEY'S FEES UNDER FLA. STAT. § 448.08 – DEFENDANT MTL)

47. Defendant MTL realleges and adopts, as if fully set forth in Count I and Defendants' responses to the allegations in paragraphs 1 through 26.

48. Admit.

49. Denied.

50. Denied.

51. Denied.

52. Denied and Plaintiff would further state that recovery of attorney fees under the cited statute is permissive only.

## COUNT II

### (FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FLSA – ALL DEFENDANTS)

53. Defendants reallege and adopt, as if fully set forth in Count II and Defendants' responses to the allegations in paragraph 1 through 43.

54. Admit.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT III

*(FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. SECTION 207 – ALL DEFENDANTS)*

62. Defendants reallege and adopt, as if fully set forth in Count II and Defendants' responses to the allegations in paragraph 1 through 40 and 44 through 46.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Defendants hereby deny all remaining allegations to which each of them has not otherwise sufficiently replied to or otherwise responded.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Montondo Trailer is found not to be liable, Montondo is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the entity Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was acting as and performed all services as an independent contractor and thus Defendant Montondo states that Plaintiff was not an employee subject to the Fair Labor Standards Act.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff performed any services that would tend to evidence an employee-employer relationship, in context, such services were performed at Plaintiff's discretion in furtherance of his independent contractor role.

### FOURTH AFFIRMATIVE DEFENSE

All claims based on the purported agreement argued by Plaintiff in the Amended Complaint fail to state a cause of action based on the failure to attach or sufficiently incorporate the material terms of such agreement into the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The claims for overtime wages fail to state a cause of action because they fail to allege that Plaintiff actually worked unpaid extra time during a week when he actually worked at least forty-hours.

### SIXTH AFFIRMATIVE DEFENSE

The claims under the FLSA fail to state a cause of action as they fail to sufficiently allege the Plaintiff personally sold goods or otherwise engaged in interstate commerce.

### SEVENTH AFFIRMATIVE DEFENSE

The claims for overtime wages include some time that is not compensable as Plaintiff did not work the hours claimed.

### EIGHTH AFFIRMATIVE DEFENSE

The claims for overtime wages include some time that is not compensable as some of the hours worked were not compensable if Plaintiff is considered an employee.

DATED: July 20, 2020.                                  Respectfully Submitted

**THE GORDON LAW FIRM, P.A.**           **HACKWORTH LAW, P.A.**
By:     s/ Brent Gordon                             By: /s/ Jonathan E. Hackworth
Brent Gordon, Esquire                               Jonathan E. Hackworth, Esquire
Florida Bar #11902                                  Florida Bar # 084234
400 N. Tampa St., Ste. 2840                         1818 North 15th Street
Tampa, FL 33602                                     Tampa, Florida 33605
Telephone: (813) 452-2000                           813-280-2911
bg@thegordonfirm.com                                jhack@bhtampa.com; mparker@bhtampa.com
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.
**THE GORDON LAW FIRM, P.A.**
By:     s/ Brent Gordon
Brent Gordon, FL #11902
400 N. Tampa St., Ste. 2840
Tampa, FL 33602
Telephone: (813) 452-2000
bg@thegordonfirm.com
Counsel for Defendants